IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

―――――――――――――――――

| | | |
|---|---|---|
| JASON EDWARD LORENZ, | ) | Cause No. CV 07-100-BLG-RFC-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING IN FORMA PAUPERIS |
| | ) | STATUS AND FINDINGS AND |
| JERRY D. COOK, Attorney at Law, | ) | RECOMMENDATION OF UNITED |
| | ) | STATES MAGISTRATE JUDGE TO |
| Defendants. | ) | DISMISS PLAINTIFF'S COMPLAINT |

―――――――――――――――――

On July 9, 2007, Plaintiff Jason Edward Lorenz filed an application to proceed in forma pauperis (Court's Doc. No. 1) and a proposed Complaint (Court's Doc. No. 2).

A.   APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff has been incarcerated since April 18, 2007. He has submitted inmate account statements for May and June 2007. After reviewing the motion and account statements, I find that he has sufficiently shown that he cannot afford to pay the full filing fee all at once. The Motion to Proceed In Forma Pauperis will be granted. The Complaint shall be deemed filed as of the date that the Motion to Proceed In Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court. See Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir. 1983); see also United States v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir.

1986) (concluding complaint constructively filed when delivered to clerk of court).[1]

Notwithstanding his forma pauperis status, Plaintiff is required to pay the statutory filing fee of $350.00 for this action, even if the case is dismissed as recommended below. See 28 U.S.C. § 1915(b)(1), (e)(2). Because he submitted an account statement ending on June 27, 2007, the Court does not know the current balance of his account. Therefore, the initial partial filing fee will be waived. However, Plaintiff must make monthly payments of 20% of the income credited to his account each month. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the custodial agency to forward payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. See id.

---

[1] Case law from courts in the First, Second, Third, Fifth, Seventh, Tenth, and District of Columbia circuits supports this position. See Shabazz v. Cole, 69 F.Supp.2d 177, 191 (D.Mass. 1999) ("For statute of limitations purposes, a complaint in an action where leave to proceed in forma pauperis is requested is generally deemed to have been filed on the day the motion is received by the Clerk of the Court."); Rosenberg v. Martin, 478 F.2d 520, 522 n. 1a (2nd Cir. 1973) (holding that the "action must be treated as commenced ... when the Clerk of Court received the complaint" in a case in which the plaintiff filed both the complaint and an IFP application, but the IFP application was not granted until 35 days later and complaint was then "formally filed"); McDowell v. Del. State Police, 88 F.3d 188, 191 (3rd Cir. 1996) ("Although a complaint is not formally filed until the filing fee is paid, we deem a complaint to be constructively filed as of the date that the clerk received the complaint-as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed in forma pauperis."); Ynclan v. Dep't of Air Force, 943 F.2d 1388, 1392 (5th Cir. 1991) ("This court has held ... that a delay by the clerk in stamping a complaint 'filed' due to the pendency of a motion to proceed IFP does not jeopardize the timeliness of the plaintiff's commencement of suit."); Smith-Bey v. Hosp. Adm'r, 841 F.2d 751, 757 n. 5 (7th Cir. 1988) ("[T]he generally accepted rule [is] that a complaint is deemed 'filed' within the meaning of Fed.R.Civ.P. 3 for purposes of invoking the court's jurisdiction over an action when it is placed in the custody of the district court clerk."); Jarrett v. U.S. Sprint Commc'ns Co., 22 F.3d 256, 259 (10th Cir. 1994) ("Plainly, the statute of limitation is tolled while the IFP petition is pending.").

ORDER GRANTING IN FORMA PAUPERIS STATUS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS PLAINTIFF'S COMPLAINT / PAGE 2

**B. PARTIES**

Plaintiff is a state prisoner proceeding pro se.  He is currently in state custody incarcerated at the Dawson County Correctional Center in Glendive, Montana.

Plaintiff has named Jerry D. Cook, an attorney with the Dawson County Public Defender's Office as the sole defendant in this action.

**C. PRELIMINARY SCREENING OF THE COMPLAINT**

The court has permitted Plaintiff to proceed in forma pauperis.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); see also 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it

"lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (May 21, 2007)(quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rest.'" Erickson v. Pardus, 127 S.Ct. 2197 (June 4, 2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson, 127 S.Ct. at 2200; Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

ORDER GRANTING IN FORMA PAUPERIS STATUS AND FINDINGS AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS
PLAINTIFF'S COMPLAINT / PAGE 4

**D. ALLEGATIONS**

Plaintiff was charged with incest on June 22, 2004.  The trial court appointed Jerry Cook from the Dawson County Public Defender's Office as counsel for Plaintiff.  Plaintiff alleges that he told Mr. Cook that he should not be convicted of incest since the victim was related by whole or half-blood, yet Mr. Cook still encouraged him and allowed him to plead guilty to the charge.  He was convicted on June 21, 2005.  He alleges that Mr. Cook caused him to be wrongfully convicted.

Plaintiff makes claims of denial of effective assistance of trial counsel, duress of wrongful conviction and seeks punitive damages.

**E. ANALYSIS**

Plaintiff's claims should be dismissed for several reasons.  First, this Court lacks subject matter jurisdiction over these claims.  A federal court only has jurisdiction over a matter which presents a federal question as set forth by 28 U.S.C. § 1331 or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332.  Plaintiff can establish neither in this case.

The allegations against Mr. Cook do not state a cause of action arising under the Constitution, laws or treaties of the United States.  See 28 U.S.C. § 1331.  Plaintiff is alleging a personal injury/negligence case against Mr. Cook which would have to be brought under Montana state law.

Even if Plaintiff could potentially state a federal claim, any such claim would fail in this instance because Mr. Cook is not a person acting under color of state law.  Polk County v.

Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

The "color of state law" requirement is a condition precedent to stating a § 1983 claim, and arises from the specific language of § 1983 and the nature of the Fourteenth Amendment itself.  Section § 1983 regulates only state and local government conduct, it does not reach purely private conduct.  Therefore, Plaintiff has failed to assert a federal claim against an individual acting under color of state law.  As a matter of law, Plaintiff's claims fail to state a legal theory upon which relief could be granted.  Even with liberal construction Plaintiff cannot demonstrate that Mr. Cook was acting under color of state law.  Consequently, all claims should be dismissed for lack of subject matter jurisdiction.  Mathis v. Pacific Gas & Elec. Co., 891 F.2d 1429, 1430-31 (9th Cir. 1989).

Similarly, Plaintiff cannot establish diversity of citizenship.  As both he and Mr. Cook reside in Montana, there is no diversity of citizenship.

Moreover, Plaintiff's Complaint is essentially a challenge to his conviction.  Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1989).  In Heck v. Humphrey, 512 U.S. 477, 480 (1994), the Supreme Court held that,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint **must be**

> **dismissed** unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 487 (emphasis added).  In such a case, a prisoner's sole federal remedy is a writ of habeas corpus.  See Preiser, 411 U.S. 475.

A judgment in favor of Plaintiff on his claims regarding ineffective assistance of counsel and duress would necessarily imply the invalidity of his conviction and are therefore not proper in a case under 42 U.S.C. § 1983.  Plaintiff can only challenge his conviction and sentence in a petition for writ of habeas corpus.

Accordingly, the Court should dismiss this case.

Based on the foregoing, the Court enters the following:

### ORDER

1.  Plaintiff's Motion to Proceed In Forma Pauperis (Court's Doc. No. 1) is **GRANTED**.  While Plaintiff will not be assessed an initial partial filing fee, Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth above.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Document 2) to remove the word "LODGED" and the Complaint is DEEMED FILED on July 9, 2007.

Further, the Court enters the following:

### RECOMMENDATION

1.  Plaintiff's Complaint (Document 2) should be **DISMISSED** for lack of subject matter jurisdiction and for failure to state upon which relief may be granted.

2.  The Clerk of Court should be directed to have the docket reflect that Plaintiff's filing

of this action counts as one strike against him, pursuant to 28 U.S.C. § 1915(g).

3.  Pursuant to Fed. R. App. P. 24(a)(4)(B), the district court should **CERTIFY** that any appeal by Plaintiff from this disposition would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date that this Findings and Recommendation is entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED TO KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS.  A FAILURE TO DO SO COULD RESULT IN THE DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED this <u>25th</u> day of July, 2007.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge