FILED
BILLINGS DIV.
2007 SEP 4 PM 2 49
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| JASON EDWARD LORENZ,  ) | CV-07-100-BLG-RFC |
| Plaintiff,  ) | |
| vs.  ) | ORDER ADOPTING FINDINGS |
| JERRY D. COOK, Attorney at Law,  ) | AND RECOMMENDATIONS OF |
| Defendant.  ) | U.S. MAGISTRATE JUDGE |

On July 25, 2007, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends this Court dismiss Plaintiff's complaints for failure to state a claim upon which relief may be granted. Magistrate Judge Ostby further recommends the docket reflect that the filing of this action count as one strike against Plaintiff, pursuant to 28 U.S.C. § 1915(g).

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1).[1] In this matter, no party filed objections to the July 25, 2007 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

1

review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

This Court lacks subject matter jurisdiction over Plaintiff's claims. A federal court only has jurisdiction over a matter which presents a federal question, as set forth by 28 U.S.C. § 1331, or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000, as set forth by 28 U.S.C. § 1332. Plaintiff can establish neither in this case.

Additionally, Plaintiff's Complaint is essentially a challenge to his conviction. Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1989).

Accordingly, **IT IS HEREBY ORDERED** Plaintiff's Complaint (*Doc. 2*) is **DISMISSED.**

The docket shall reflect that the filing of this lawsuit counts as one strike against Plaintiff, pursuant to 28 U.S.C. § 1915(g). Also, pursuant to Fed.R.App.P. 24(a)(4)(B), it is **CERTIFIED** that any appeal taken by Plaintiff from this disposition would not be taken in good faith.

The Clerk of Court shall notify the parties of the making of this Order.

DATED the 4th day of September, 2007.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE